UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**TERROL DEBAUN TRAVIS,**

    Movant,

v.

                                      **No. 4:23-cv-0380-P**
                                   **(No. 4:19-cr-0270-P)**

**UNITED STATES OF AMERICA,**

    Respondent.

## OPINION AND ORDER

Came on for consideration the motion of Terrol Debaun Travis, Movant, pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the response, the record, and applicable authorities, concludes that the motion must be **DENIED**.

## BACKGROUND

The record in the underlying criminal case reflects the following:

On September 18, 2019, Movant was named in a one-count indictment charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and (e). CR ECF No.[1] 11. Movant initially entered a plea of not guilty. CR ECF No. 16. He later changed his plea. CR ECF No. 19. In his factual resume, Movant acknowledged the potential statutory enhancement under the Armed Career Criminal Act ("ACCA"). CR ECF No. 20 at 2. Movant's presentence report reflected that he had two prior convictions for serious drug offenses, a conviction for aggravated assault with a deadly weapon, and a conviction for arson. CR ECF No. 23, § 22. The Court sentenced Movant to a term of imprisonment of 262 months. CR ECF No. 38. He appealed. CR ECF No. 41. The United States Court of Appeals for the

---

[1] The "CR ECF No. __" reference is to the number of the item on the docket sheet in the underlying criminal case, No. 4:19-cr-0270-P.

Fifth Circuit affirmed the judgment, treating as qualifying offenses Movant's two convictions for possession with intent to deliver cocaine and a conviction for aggravated assault with a deadly weapon. *United States v. Travis*, 830 F. App'x 444 (5th Cir. 2020). Movant filed a petition for writ of certiorari. While it was pending, the United States Supreme Court issued *Borden v. United States*, 141 S. Ct. 1817 (2021), holding that offenses with a *mens rea* of recklessness do not qualify as violent felonies under the ACCA. The Supreme Court remanded the case for reconsideration in light of *Borden*. 142 S. Ct. 58 (Oct. 4, 2021). And, on reconsideration, the Fifth Circuit determined that Movant's arson conviction counted as a violent felony; thus, he had three convictions that qualified as ACCA predicates. The judgment was affirmed. *United States v. Travis*, No. 20-10408, 2021 WL 6140251 (5th Cir. Dec. 29, 2021). Movant's petition for writ of certiorari was denied. *Travis v. United States*, 142 S. Ct. 2666 (2022).

## GROUNDS OF THE MOTION

Movant urges two grounds in support of his motion. He argues that the two convictions for delivering a controlled substance do not constitute serious drug offenses under the ACCA. And he argues that his arson conviction is not a violent felony under the ACCA. ECF No. 1.[2]

## STANDARD OF REVIEW

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164–65 (1982); *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow

---

[2] The "ECF No. __" reference is to the number of the item on the docket sheet in this civil action.

injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517–18 (5th Cir. 1978)).

## ANALYSIS

On appeal, Movant argued that his two prior convictions for possession with intent to deliver a controlled substance did not qualify as serious drug offenses but admitted that the claim was foreclosed by Fifth Circuit precedent. *United States v. Travis*, 830 F. App'x at 444 (citing *United States v. Cain*, 877 F.3d 562, 562–63 (5th Cir. 2017); *United States v. Vickers*, 540 F.3d 356, 364–65 (5th Cir. 2008)). On remand from the Supreme Court, the Fifth Circuit pointed out that the district court had relied on Movant's arson conviction as a violent felony. 2021 WL 6140251, at \*1. Movant had not appealed that determination. And he conceded that *Borden* did not affect the classification of the arson conviction. *Id.* Because Movant lost the issues he now raises—that his drug convictions are not "serious drug offenses" and that his arson conviction is not a "violent felony"—he cannot raise them here. *Kalish*, 780 F.2d at 508.

To the extent Movant now argues that in order to qualify as ACCA predicates, a jury[3] had to have made that determination, the argument is waived by his guilty plea. *United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008). Moreover, the claim is procedurally defaulted, and Movant has made no attempt to show cause and prejudice. *Shaid*, 937 F.2d at 232. And, in any event, the argument is without merit. *United States v. Williams*, No. 22-600062, 2023 WL 2239020 (5th Cir. Feb. 23,

---

[3] Although Movant refers to a "grand jury," his argument seems to be based on *Apprendi v. New Jersey*, 530 U.S. 466 (2000). ECF No. 1-1 at 1.

2023) (noting that the Supreme Court has repeatedly declined invitations to revisit *Almendarez-Torres v. United States*, 523 U.S. 224, 226–27 (1998)).

## CONCLUSION

For the reasons discussed, Movant's motion is **DENIED**.

Further, for the reasons discussed herein, pursuant to 28 U.S.C. § 2553(c), a certificate of appealability is **DENIED**.

**SO ORDERED** on this **2nd day** of **August 2023.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE